UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZODIAC POOL CARE, INC., <br><br> Plaintiff, <br> v. <br><br> PENTAIR WATER POOL AND SPA, INC., <br><br> Defendant. | Case No. 07cv0324-WQH (BLM) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR INSPECTION [Doc. No. 39] AND GRANTING PLAINTIFF'S MOTION TO COMPEL COMPLIANT INVALIDITY CONTENTIONS [Doc. No. 34]** |
| PENTAIR WATER POOL AND SPA, INC., <br><br> Counterclaimant, <br> v. <br><br> ZODIAC POOL CARE, INC., <br><br> Counterdefendant. | |

On October 18, 2007, the Court heard oral argument on Plaintiff's Motion to Compel Production of Documents and for Inspection from Defendant Pentair Water Pool and Spa, Inc. [Doc. No. 39] and Plaintiff's Motion to Compel Defendant to Serve Invalidity Contentions that Comply with the Case Management Conference Order [Doc. No. 34].

For the reasons stated on the record:

1. Plaintiff's motion to compel production and inspection [Doc. No. 39] is **GRANTED** to the extent Plaintiff seeks to compel brochures and manuals pertaining to the pool cleaners Defendant agreed to make available for inspection and to the extent all responsive documents have not already been produced.

2. Plaintiff's motion to compel production and inspection [Doc. No. 39] also is **GRANTED** to the extent Plaintiff seeks a date certain when it may inspect the pool cleaners Defendant agreed to make available for inspection. The inspection shall occur on **October 29, 2007** at **10:30 a.m.** in Defendant's counsel's Los Angeles offices.[1]

3. As to Plaintiff's motion to compel production of documents held by third parties [Doc. No. 39], the motion is **GRANTED IN PART AND DENIED IN PART.** On or before **October 26, 2007**, Defendant shall serve on Plaintiff a declaration that explains the precise nature of the relationship between Pentair Water Pool and Spa, Inc. ("Pentair") and its source for the Accused Products. This declaration shall be from the person at Pentair who is most knowledgeable about the relationship between Pentair and its source for the Accused Products. However, based on Defendant's counsel's representation during the hearing that Pentair does not have "the legal right to obtain the documents on demand," (see In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999); United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989)), the Court does not find it appropriate to compel

---

[1] The parties agreed during the hearing to conduct the inspection on October 24, 2007. However, subsequent to the hearing, the parties changed the date and, with the Court's approval, agreed to conduct the inspection on October 29, 2007 at 10:30 a.m.

Defendant to obtain responsive documents from the third party(ies) and, therefore, **DENIES** Plaintiff's motion to require Defendant to do so. To the extent Plaintiff seeks documentation in the possession, custody or control of a third party(ies), it must obtain this information by serving a subpoena on the appropriate party(ies).

4.   Plaintiff's motion to compel compliant invalidity contentions [Doc. No. 34] is **GRANTED.**  On or before **November 9, 2007**, Defendant shall serve supplemental invalidity contentions, and all accompanying documents, in full compliance with the requirements set forth in this Court's June 13, 2007 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [Doc. No. 20], as further confirmed in this Court's Order Granting Joint *Ex Parte* Application and Issuing <u>Revised</u> Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings (which is being filed concurrently with the instant order).  Defendant's failure to comply by **November 9, 2007** with all such requirements for each asserted item of prior art waives Defendant's right to rely on that item of prior art in its invalidity arguments.

**Failure to comply with any of this Court's orders, the Federal Rules of Civil Procedure, or the Patent Local Rules may result in the imposition of sanctions including monetary sanctions, evidentiary sanctions and/or the dismissal or default of your case.**

**IT IS SO ORDERED.**

DATED:   October 19, 2007

*Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge

1  COPY TO:

2  HONORABLE WILLIAM Q. HAYES
   U.S. DISTRICT JUDGE
3
   ALL COUNSEL