UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZODIAC POOL CARE, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> PENTAIR WATER POOL AND SPA, ) <br> INC., ) <br> ) <br> Defendant. ) <br> _____ ) <br> PENTAIR WATER POOL AND SPA, ) <br> INC., ) <br> ) <br> Counterclaimant, ) <br> ) <br> v. ) <br> ) <br> ZODIAC POOL CARE, INC., ) <br> ) <br> Counterdefendant. ) <br> ) <br> _____ ) | Case No. 07cv0324-WQH (BLM) <br><br> **ORDER GRANTING JOINT *EX PARTE* APPLICATION AND ISSUING <u>REVISED</u> CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** <br><br> [Doc. No. 64] |

On October 18, 2007, the parties filed a joint application to continue certain dates set forth in the Court's June 13, 2007 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings. Doc. No. 64. Having consulted with counsel for the parties during the motion hearing that was held on October 19, 2007 at

9:00 a.m. to address discovery disputes, the Court finds that good cause exists to revise the June 13, 2007 Order as follows:

1. **Preliminary Invalidity Contentions.** On or before **November 9, 2007**, Defendants shall serve on all parties its **Supplemental** "Preliminary Invalidity Contentions" which must contain the following information:

    a.  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. This includes information about any alleged knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

    b.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination and the motivation to

combine such items, must be identified;

    c. A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

    d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) of any of the asserted claims; and

    e. Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to disclose the best mode under 35 U.S.C. § 112(1).

    2. **Document Production Accompanying Preliminary Invalidity Contentions.** Also on **November 9, 2007**, with the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

    a. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in the "Disclosure of Asserted Claims and Preliminary Infringement Contentions;"

    b. A copy of each item of prior art identified in the Preliminary Invalidity Contentions, which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

    3. **Joint Claim Construction Chart, Worksheet, and Hearing Statement.** On or before **December 21, 2007**, the parties shall complete

and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement.

  a. The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

  b. The parties Joint Claim Construction Worksheet must be in the format set forth in Appendix A and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must jointly submit the Joint Claim Construction Worksheet on computer disk in both Word and Wordperfect format or in such other format as the court may direct.

  c. The Joint Hearing Statement must include:

  1. The anticipated length of time necessary for the Claim Construction Hearing; and

  2. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

      d.    At the Court's discretion, within five (5) calendar days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss the schedule, witnesses and any other matters regarding the Claim Construction Hearing.

4.   **Completion of Claim Construction Discovery.**  The parties shall complete all discovery, including any depositions of any witnesses, including experts, the parties intend to use in the Claim Construction Hearing by **January 18, 2008**.  Fed. R. Civ. P. 30 applies to depositions, except as to experts.  An expert witness identified in a party's Joint Hearing Statement may be deposed on claim construction issues.  The identification of said expert in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

5.   **Claim Construction Briefs.**

      a.    On or before **January 18, 2008**, the parties shall simultaneously file and serve opening briefs and any evidence supporting their claim construction.

      b.    On or before **February 1, 2008**, the parties shall simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the supporting evidence contained in the opposing party's opening brief.

6.   **Claim Construction Hearing.**  On **February 15, 2008** at **2:00 p.m.**, the Honorable William Q. Hayes will conduct a Claim Construction Hearing, to the extent that parties or the court believe a hearing is necessary for construction of the claims at issue.

7.   **Final Contentions.**  Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" will be deemed to

be that party's final contentions, except as set forth below.

    a. If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling or a document produced with the Preliminary Invalidity Contentions so require, not later than thirty (30) days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions."

    b. Not later than fifty (50) days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: i) a party claiming patent infringement has served "Final Infringement Contentions," or ii) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

8. **Amendment to Contentions.** Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in the section above, may be made only by order of the court, which will be entered only upon a showing of good cause.

9. **Opinion of Counsel.** Not later than thirty (30) days after filing of the Claim Construction Order, each party opposing a claim of patent infringement that will rely on an opinion must:

    a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

///

   b. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.  A party opposing a claim of patent infringement who does not comply with this requirement will not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

 10. On or before **April 25, 2008**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **May 16, 2008**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

 11. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than August 11, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).  **Except as provided in paragraph 16 below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

 12. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement

any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **September 8, 2008**.

13. All fact discovery shall be completed on or before **July 14, 2008**. All expert discovery shall be completed on or before **October 6, 2008**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed by the cut-off date</u>, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Civil Local Rules 16.5(k) and 26.1(a). **All discovery motions shall be filed within thirty (30) days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.** For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the service of the response, or, if no response was served, the initial date the response was due. **In addition, all discovery motions must be filed within thirty (30) days after the close of discovery.**

14. All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before **October 20, 2008**. Motions will not be heard or calendared unless counsel for the moving

party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.** Failure to timely request a motion date may result in the motion not being heard. Motions will not be heard unless you have obtained a date from the judge's law clerk.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

15. The final pretrial conference is scheduled on the calendar of the Honorable Hayes on **December 15, 2008** at **11:00 a.m**. The trial date will be assigned by Judge Hayes at the pretrial conference.

16. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

DATED: October 19, 2007

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL

**APPENDIX A**

**APPROVED FORM OF**

**JOINT CLAIM CONSTRUCTION WORKSHEET**

**JOINT CLAIM CONSTRUCTION WORKSHEET**

| PATENT CLAIM | AGREED PROPOSED CONSTRUCTION | PLAINTIFF'S PROPOSED CONSTRUCTION | DEFENDANT'S PROPOSED CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|---|
| 1. Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |
| 2. Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |
| 3. Claim language as it appears in the patent **with terms and phrases to be construed in bold.** | Proposed construction if the parties agree. | Plaintiff's proposed construction if parties disagree. | Defendant's proposed construction if parties disagree. | Blank column for Court to enter its construction. |